## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS PAVLOCK,** *et al,* | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Action No. RDB-21-2376** |
| **v.** | * | |
| **JAY A. PERMAN, M.D.,** *et al,* | * | |
| | * | |
| **Defendants.** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Travis Pavlock, Sophie Helldorker, and Linda Whaley-Johnson (collectively, "Plaintiffs") bring this constitutional action against Chancellor Jay A. Perman, M.D. and the Board of Regents for the University System of Maryland (collectively, "Defendants") seeking declaratory and injunctive relief from the University System of Maryland's COVID-19 Vaccination Mandate.  (ECF Nos. 1, 3.)  Presently pending are Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss.  (ECF Nos. 3, 12.)  The Court has reviewed the relevant filings (ECF Nos. 3, 12, 15, 16) and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is DENIED. Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiffs' Complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Pavlock and Plaintiff Helldorker are students at Towson University, and Plaintiff Whaley-Johnson is an employee at the University of

Maryland School of Law.  (ECF No. 1.)  Plaintiffs challenge the COVID-19 vaccine mandate imposed by the University System of Maryland ("USM") in April 2021.  *Id.*  That mandate required students, faculty, and staff of all twelve USM institutions to be vaccinated against COVID-19 before returning to campus for the fall 2021 semester.  (ECF No. 1, Ex. 3.)  The mandate provides for medical and religious exemptions, and only applies to those students or employees that physically work or attend class in-person on a USM campus.  Those who do not receive the COVID-19 vaccine are subject to testing multiple times per week, mask requirements, and quarantine periods when in contact with COVID-19 positive individuals. (ECF No. 1 at 28-29.)  Each of the Plaintiffs received a religious exemption from the mandate, and none received the COVID-19 vaccine. *Id.*

Plaintiffs' Complaint seeks declaratory judgment under various grounds, asserting that the vaccine mandate violates: substantive due process rights under the Fourteenth Amendment (Count I); procedural due process rights under the Fourteenth Amendment (Count II); procedural due process rights under the Fourteenth Amendment for coercion (Count III); federal and Maryland informed consent laws (Count IV), and; federal law (Count V).  (ECF No. 1.)  The Complaint additionally seeks a finding that the restrictions imposed by USM upon students and employees who did not receive the COVID-19 vaccine violate the equal protection doctrine under the Fourteenth Amendment (Count VI).  *Id.*  Alongside the Complaint, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 3), which largely outlines the "experimental" nature of the COVID-19 vaccine. Plaintiffs' Motion requests this Court to enjoin USM from requiring its students and staff to receive the COVID-19 vaccine. *Id.*

Defendants' Motion to Dismiss raises several meritorious arguments, namely (1) Plaintiffs received exemptions from the mandate and consequently lack standing, (2) USM is shielded by sovereign immunity, and (3) courts have routinely upheld vaccine mandates. (ECF No. 12.) Because the Court finds that Plaintiffs' claims fail on numerous grounds, their Complaint shall be DISMISSED WITH PREJUDICE and their Motion for Preliminary Injunction will be DENIED.

## STANDARD OF REVIEW

Defendants seek to dismiss the Complaint for lack of subject-matter jurisdiction based on both lack of standing and sovereign immunity under Federal Rule of Civil Procedure 12(b)(1),[1] as well as for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference

---

[1] When a defendant moves to dismiss a plaintiff's claim for lack of standing, courts commonly address the motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Taubman Realty Group Ltd. Partnership v. Mineta*, 420 F.3d 475 (4th Cir. 2003) (analyzing a claim of lack of standing as a challenge to subject matter jurisdiction); *see also Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250 (D. Md. 2016) (same). Similarly, this Court treats motions to dismiss based on the Eleventh Amendment under Federal Rule of Civil Procedure 12(b)(1). *See Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542 (D. Md. 2008) ("[A]lthough Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, ... the Court concludes that it is more appropriate to consider this argument under Fed. R. Civ. P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power."); *see also Cook v. Springfield Hospital Center*, No. ELH-16-2024, 2016 WL 6124676, at *6 (D. Md. Oct. 19, 2016).

and matters of which a court may take judicial notice.  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## I.   Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true."  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction."  *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction."  *Kerns*, 585 F.3d at 192.  "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654

(4th Cir. 1999).

## II.    Motion to Dismiss Pursuant to Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

5

## ANALYSIS

Plaintiffs' Complaint must be dismissed because the Plaintiffs lack standing. Even if Plaintiffs had standing, dismissal of state law claims would be warranted nonetheless because UMS is protected by sovereign immunity. Further, even if Plaintiffs had standing and sovereign immunity was inapplicable, courts have routinely upheld vaccine mandates akin to the COVID-19 mandate here.

### I.   Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III" that gives meaning to these constitutional limits by "'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The "irreducible constitutional minimum" of Article III standing requires a plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540 (2016). A plaintiff bears the burden of establishing standing as "the party seeking to invoke federal jurisdiction." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002) (quoting *Lujan*, 504 U.S. at 561). To demonstrate an injury in fact, a plaintiff must show "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Lujan*, 504 U.S. at 560-61 (citations omitted); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019).

Plaintiffs have failed to carry their burden in establishing standing.  Counts I-V of the Plaintiffs' six-count Complaint challenge the legality of the vaccine requirement – a vaccine that none has received.  Because all three Plaintiffs obtained a religious exemption from their respective universities, thereby exempting their individual requirement to be vaccinated against COVID-19, none has suffered an injury in fact required for standing. *See Wade v. Univ. of Connecticut Bd. of Trustees*, 554 F. Supp. 3d 366, 376 (D. Conn. 2021) (Plaintiffs "have no continuing real or expected imminent injury" where they are granted religious exemptions from COVID-19 vaccine mandate).

In Count VI, Plaintiffs contend that despite, and in some instances because of, their exemptions, they are "subject to ongoing injury" as they are required to undergo testing multiple times per week and are directed to quarantine when contact traced to an individual who tests positive for COVID-19.  (ECF No. 15, Ex. 1 at 9-10, 28-29.)  As the Defendants have aptly noted, such protective measures against the COVID-19 pandemic do not present an injury in fact, which is explained more fully below.[2] *See Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) ("These plaintiffs just need to wear masks and be tested, requirements that are not constitutionally problematic.")  Ultimately, there is no case or controversy for the Court to analyze and Plaintiffs' claims must be dismissed.

## II.   State Sovereign Immunity

Even if Plaintiffs had standing, the Court would be precluded from presiding over their state law claims under state sovereignty principles.  The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law

---

[2] *See* discussion *infra* Section III.

or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment immunizes states, state agencies, state instrumentalities, and state officials sued in their official capacities from suit by private parties in federal court." *Windsor v. Bd. of Educ. of Prince George's Cty.*, TDC-14-2287, 2016 WL 4939294, at *10 (D. Md. Sept. 13, 2016). *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Bland v. Roberts*, 730 F.3d 368, 389-91 (4th Cir. 2013).

USM and its "constituent institutions" qualify as "instrumentalit[ies] of the State" and are entitled to sovereign immunity. *MedSense, LLC v. University Sys. of Maryland*, 420 F. Supp. 3d 382, 391 (D. Md. 2019) (citing Md. Code Ann., Educ. §§ 12-104, 12-101(b)(6)). Presumably in concession, Plaintiffs fail to directly acknowledge that Defendants are immune from suit concerning alleged violations of state law in federal court. Therefore, even if Plaintiffs had standing for this Court to adjudicate its claims, the state law claims would be dismissed nonetheless for lack of subject matter jurisdiction under the doctrine of sovereign immunity.

**III.    Vaccination Precedent**

Beyond lack of subject-matter jurisdiction, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. It is well-settled principle that a state and its instrumentalities may enact vaccination mandates as part of its police power. *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25 (1905). "[T]he police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety." *Id.* at 25 (citations omitted). The Supreme Court of the United States has emphasized that "a community has the right to

protect itself against an epidemic of disease which threatens the safety of its members." *Id.* at 27.

Even in situations absent an epidemic, the United States Court of Appeals for the Fourth Circuit has interpreted the *Jacobson* ruling to mean that state statutes may lawfully require vaccinations as a condition of admission to school. *Workman v. Mingo Cnty. Bd. of Educ.*, 419 F. App'x 348, 354 (4th Cir. 2011).   The *Workman* Court expressly found that the vaccination requirement in schools did not violate one's right to free exercise under the First Amendment, did not violate one's right to equal protection under the Fourteenth Amendment, and did not violate one's due process rights under the Fifth and Fourteenth Amendments. *Id.*

In alignment with this precedent, various courts have upheld COVID-19 vaccination mandates, particularly in the university context.   *See Klaassen v. Trustees of Indiana University*, 7 F.4th 592, 592 (7th Cir. 2021) (affirming denial of preliminary injunction and finding university vaccine mandate lawful as it provided religious and medical exemptions); *Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 315 (D. Mass. 2021), *appeal dismissed*, 43 F.4th 187 (1st Cir. 2022) (denying preliminary injunction and finding university vaccine mandate lawful); *Messina v. Coll. of New Jersey*, 566 F. Supp. 3d 236, 250 (D.N.J. 2021) (same); *Children's Health Def., Inc. v. Rutgers State Univ. of New Jersey*, No. CV2115333ZNQTJB, 2021 WL 4398743, at *7 (D.N.J. Sept. 27, 2021) (same); *see also Lukaszczyk v. Cook Cnty.*, No. 21-3200, 2022 WL 3714639, at *13 (7th Cir. Aug. 29, 2022) (affirming denial of preliminary injunction because plaintiffs unlikely to succeed on merits that state and local COVID-19 vaccine mandates were unconstitutional).

The state's police power not only encompasses those vaccination mandates, but also vests power in the states to enact additional measures to protect the health and safety of the community during the COVID-19 pandemic as Judge Blake of this Court has recently noted in *Antietam Battlefield KOA v. Hogan*. 461 F. Supp. 3d 214, 234 (D. Md. 2020), *appeal dismissed*, No. 20-1579, 2020 WL 6787532 (4th Cir. July 6, 2020), *and aff'd in part*, *appeal dismissed in part*, No. 20-2311, 2022 WL 1449180 (4th Cir. May 9, 2022) (finding prohibition on large gatherings and requirement of face coverings as rationally related to the legitimate government interest of reducing the spread of COVID-19).

Even despite Plaintiffs' lack of standing and Defendants' sovereign immunity, Plaintiffs' claims would still fail as a matter of law given that vaccine mandates have been historically upheld in analogous situations. As illustrated in *Workman*, a school may lawfully require a vaccine for school admission. Similarly, Towson University and University of Maryland School of Law may require their students and staff to be vaccinated as a condition to physical presence on campus. In addition, the schools' extra measures of protection against the COVID-19 pandemic have already been held as constitutionally proper and within the state's police powers. In other words, USM "has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Jacobson*, 197 U.S. at 25. Because Plaintiffs have failed to state a claim upon which relief may be granted, and because well-established precedent forecloses an alternative avenue for the relief requested based on the instant facts, Plaintiffs claims shall be dismissed with prejudice.

## IV.   Injunctive Relief

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be.").  A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009).  As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

As outlined above, Plaintiffs cannot prove the likelihood of success on the merits of their case.  Accordingly, Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is DENIED.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is correspondingly DENIED.   Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: September 1, 2022                                    _____/s/_____

Richard D. Bennett
United States District Judge

12